UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES G. WALKER,

    Plaintiff,

v.                                                                         Civil Action No. 3:15cv717

MARY WASHINGTON HEALTHCARE,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Mary Washington Healthcare's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"). (ECF Nos. 13, 14, 15.)[1] Mary Washington Healthcare invokes Federal Rules of Civil Procedure 12(b)(1),[2] 12(b)(6),[3] and 41(b)[4] in support of the Motion to Dismiss. Plaintiff James G. Walker, proceeding *pro se*,[5] has not responded to the Motion to Dismiss, and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction

---

[1] Mary Washington Healthcare filed the same document three times. The Court considers those documents, collectively, as the Motion to Dismiss.

[2] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[3] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[4] Rule 41(b) governs this type of dismissal and states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

[5] Mary Washington Healthcare provided Walker with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

pursuant to 28 U.S.C. § 1331.[6] For the reasons that follow, the Court will grant the Motion to Dismiss, (ECF Nos. 13, 14, 15), and dismiss the Amended Complaint.

## I. Procedural and Factual Background

### A. Summary of Allegations in the Amended Complaint[7]

Walker, an African-American male, worked as a pharmacist for Mary Washington Healthcare from August 4, 2008, until his termination on February 25, 2015. Walker typically worked the night shift, from 9:00 p.m. to 7:00 a.m. As a pharmacist, Walker supervised technicians. During the initial period of Walker's employment,[8] he had "numerous problems with two night Technicians," both of whom were Caucasian. (Am. Compl. ¶ 4, ECF No. 12.) According to Walker, "Colleen Peace of human resources and the pharmacy management" supported the two Caucasian technicians. (Id.)

On January 16, 2012, Linda Koch, Administrative Director of the Pharmacy Department, sent Walker an email threatening to terminate him if he did not complete a computer learning module. Koch sent this email while Walker was off-duty, forcing him to complete the module on his personal time. Walker alleges that no other pharmacist received a similar threat of terminated employment for failure to complete this task. On the other hand, when a Caucasian pharmacist failed to complete "something of this nature," Mary Washington Healthcare provided him extra time to complete the assignment while on duty. (Id. ¶ 5.)

---

[6] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[7] Because the Court will dismiss the Amended Complaint under Rule 41(b), the Court need not assess the facts of this case. Nonetheless, for background purposes, the Court provides the allegations of the Amended Complaint.

[8] The Complaint does not disclose the date or dates on which Walker's problems with the night shift technicians occurred.

On March 5, 2012, Walker applied for the position of night shift pharmacist at Stafford Hospital. Although Walker had seniority and more experience, Koch hired a Caucasian pharmacist, Noah Bell, for the position. On February 25, 2015, Becky Womack, Director of Pharmacy; Thoa Nguyen, Operations Manager of Pharmacy; and Peace fired Walker "for errors." (*Id.* ¶ 7.) Mary Washington Healthcare fired Walker without first suspending him. In contrast, when Mary Washington Healthcare fired Mike Checka, a Caucasian pharmacist, he received numerous suspensions before termination. Likewise, Mary Washington Healthcare suspended Brittney Black, a Caucasian technician, numerous times before firing her.

B. **Procedural History**

Walker's first complaint (the "Complaint") alleged discrimination and violations of his constitutional rights. In the Complaint, Walker alleged that this case "is a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against [Mary Washington Healthcare] for committing acts, under color of law, with the intent and for the purpose of depriving [him] of rights secured under the Constitution and laws of the United States." (Compl. ¶ 1, ECF No. 1.) Walker organized his claims as follows:

Count I: "Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988[9]: Violation of Fourteenth Amendment[10] Rights"

---

[9] Section 1988 allows "the prevailing party" in an "action or proceeding to enforce a provision of . . . [42 U.S.C. §] 1983" to collect "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

[10] The Fourteenth Amendment to the United States Constitution provides, in part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV.

3

Count II:    "Harassment, which creates a hostile working environment"; and,

Count III:   "Unlawful termination of employment."

The Court liberally construed Walker's Complaint to bring not only a constitutional claim pursuant to 42 U.S.C. § 1983,[11] but also claims for harassment and wrongful termination on the basis of race discrimination, presumably under Title VII of the Civil Rights Act of 1964.[12] The Court, nonetheless, explained in a footnote: "Rather than speculate about the bases for Walker's harassment and wrongful termination claims, the Court will order Walker to file an amended complaint that clearly articulates the facts supporting his claims and the law allegedly violated, including, when appropriate, the statutory provisions invoked." (Sept. 14, 2016 Mem. Op. 6 n.10, ECF No. 10.)

In response to the Complaint, Mary Washington Healthcare filed the Partial Motion to Dismiss. (ECF No. 4.) Mary Washington Healthcare limited its briefing to the contention that it

---

[11] Section 1983 provides a private right of action for a violation of constitutional rights by persons acting under the color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[12] Title VII of the Civil Rights Act of 1964 prohibits discrimination by covered employers on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. §§ 2000e *et seq.* Walker might also allege his harassment and wrongful termination claims under 42 U.S.C. § 1981. Section 1981 grants all persons within the United States equal rights "to make and enforce contracts." 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

could not be liable for Walker's § 1983 claims because Mary Washington Healthcare does not constitute a state actor. The Court dismissed Walker's § 1983 claim because, even assuming the well-pleaded factual allegations in the Complaint to be true and viewing them in the light most favorable to Walker, the Court could not find that Mary Washington Healthcare acted under the color of state law. The Court ordered Walker to file an amended complaint setting forth the factual and legal bases for Counts II and III. The Court ordered that the amended complaint comply with the following instructions:

1. At the very top of the amended pleading, Plaintiff must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER 3:15cv717."

2. In the body of the particularized complaint, Walker must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, **Walker must clearly identify each law allegedly violated, including, where appropriate, the statutory provisions invoked.** Under each section, Walker must list each legal theory and explain why he believes Mary Washington Healthcare is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the amended complaint that support that assertion.

3. Walker shall also include the relief he requests—in the law called a "prayer for relief."

4. The particularized complaint must stand or fall of its own accord. Walker may not reference statements in the prior complaint.

(Sept. 14, 2016 O. 1, ECF No. 11 (emphasis added).) The Court also conspicuously warned that "[t]he failure to strictly comply with the requirements set forth above will result in dismissal of the action." (*Id.* at 2.)

5

Walker's Amended Complaint alleges harassment and unlawful termination. The Amended Complaint, which in large part mirrors Counts II and III from the Complaint, identifies Walker's claims as follows:

Count I: "Harassment, which creates a hostile working environment"; and,

Count II: "Unlawful termination of employment."

Regarding legal authority, Walker's Amended Complaint adds to his previous Complaint a passing reference to legal authority, stating that "[t]he Supreme Court ruled in a sex discrimination case that continued and constant harassment, which management has knowledge of, creates a hostile working environment that is illegal." (Am. Compl. ¶ 4.) Walker seeks "back pay from February 25, 2015, until the date of judgment," "$174,000.00," "Health Insurance for seven years," and other relief to which he is entitled. (*Id.* at. 4.)

Mary Washington Healthcare seeks dismissal on any of three grounds. First, Mary Washington Healthcare seeks dismissal on the basis that Walker failed to comply with the Court's order requiring that Walker, among other things, identify the statutory provisions under which he seeks relief. Mary Washington Healthcare also asserts that the Court lacks subject-matter jurisdiction because Walker failed to exhaust his administrative remedies. Finally, Mary Washington Healthcare contends that the Amended Complaint fails to state a claim upon which relief can be granted. Walker has not responded to these arguments, and the time to do so has expired.

## II. Analysis

Mary Washington Healthcare seeks dismissal of Walker's action on any of three grounds: (1) failure to comply with an order of the Court under Federal Rule of Civil Procedure 41(b); (2) lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); or, (3) failure to state a claim upon which relief can be granted under Federal Rule of Civil

Procedure 12(b)(6). Of course, if the Court exercises its discretion to dismiss Walker's claims under Rule 41(b), Mary Washington Healthcare's other bases for dismissal become moot. *See Harrison v. U.S. Soc. Sec. Admin.*, No. 3:13cv435, 2014 WL 29042, at *1 (E.D. Va. Jan. 2, 2014). Accordingly, the Court begins by addressing Mary Washington Healthcare's motion as it pertains to that threshold issue. Because Walker failed to comply with an order of this Court and has made no attempt to respond to Mary Washington Healthcare's Motion to Dismiss or to explain his noncompliance, the Court will dismiss the Amended Complaint.

### A.     Federal Rule of Civil Procedure 41(b) Standard

Courts have "clear authority to dismiss a plaintiff's complaint in appropriate cases." *Potter v. SunTrust Bank*, No. 3:14cv436, 2015 WL 5098882, at *2 (E.D. Va. Aug. 31, 2015) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)), *aff'd*, 622 F. App'x 269 (4th Cir. 2015). Under Federal Rule of Civil Procedure 41(b),[13] for instance, "a court may dismiss a plaintiff's claims if he [or she] fails to abide by the Federal Rules of Civil Procedure or any court order." *Id.*

Under a Rule 41(b) analysis, the Court must consider the following: "(1) the degree of the plaintiff's personal responsibility for the failure to comply; (2) the prejudice caused to the defendant; (3) the plaintiff's history of deliberately proceeding in a dilatory fashion; and[,] (4) the availability of a less drastic sanction." *Id.* (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th

---

[13] Federal Rule of Civil Procedure 41(b) provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Cir. 1989)). But, "[a] district court need not engage in a rigid application of this test . . . when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his [or her] claim." *Taylor v. Huffman*, No. 95–6380, 1997 WL 407801, at *1 (4th Cir. 1997) (citing *Ballard*, 882 F.2d at 95–96). Although *pro se* plaintiffs are generally "entitled to some deference," such a status does not relieve the plaintiff of his or her duty to abide by the rules and orders of this Court. *See Yarid v. Brennan*, No. 3:15cv326, 2015 WL 5178940, at *2 (E.D. Va. Sept. 3, 2015) (citing *Ballard*, 882 F.2d at 96). Ultimately, whether to dismiss a claim for a plaintiff's failure to abide by a court order is within the sound discretion of the court. *Potter*, 2015 WL 5098882, at *2 (citing *Anderson v. Found for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998)).

**B.  Walker's Failure to Comply with an Order of the Court, Coupled with his Failure to Oppose the Motion to Dismiss, <u>Warrants Dismissal Under Rule 41(b)</u>**

The Amended Complaint fails to comply with a previous order of this Court, which provided that "Walker must *clearly identify* each law allegedly violated, *including, where appropriate, the statutory provisions invoked.*" (Sept. 14, 2016 O. 1.) Walker omits reference to any statute supporting his claim. This failure alone could warrant dismissal. *See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (explaining that "the district court had little alternative to dismissal" following the issuance of a warning because "[a]ny other course would have placed the credibility of the court in doubt and invited abuse"); *see also Taylor*, 1997 WL 407801, at *1. But even were this Court to forgo a rigid application of the rule set forth in *Ballard*, the evaluative factors of Rule 41(b) would merit dismissal of Walker's Amended Complaint.

Because Walker pursues this action *pro se*, he is personally responsible for the failures described above. Thus, even given his *pro se* status, the first *Ballard* factor weighs in favor of

8

dismissal. *See Potter*, 2015 WL 5098882, at *4 (finding that a *pro se* plaintiff "is entirely responsible for his [or her] actions"). The second factor, prejudice to the defendant, also supports granting a dismissal. Although no trial date has been scheduled, Mary Washington Healthcare has suffered prejudice because Walker's failure to identify the bases for his lawsuit has needlessly delayed litigation. Walker's omission specifically caused Mary Washington Healthcare to file a second motion to dismiss because Mary Washington Healthcare cannot meaningfully respond to claims it cannot comprehend.

The third factor, the plaintiff's history of dilatory conduct, favors dismissal less so. The Court is not aware of a history of dilatory conduct by Walker, and Mary Washington Healthcare points to none. Walker's conduct in this instance, however, does not go unnoticed. First, Walker largely copied the allegations of the Complaint—sans the dismissed Count I—and included them anew in his Amended Complaint. As a result, Walker failed to comply with an express directive of this Court, which required specific allegations aimed at facilitating the litigation process.

Perhaps more importantly, Walker did not respond to Mary Washington Healthcare's Motion to Dismiss. Walker's silence in response to the Motion to Dismiss suggests Walker has forsaken his claims by failing to prosecute his case. In fact, some courts have ruled that a plaintiff's failure to respond to an argument seeking dismissal constitutes an abandonment of the challenged claim.[14] Despite ample time and opportunity to do so, Walker has made no attempt to explain or excuse his noncompliant conduct.

---

[14] *See, e.g., Muhammad v. Maryland*, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D. Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim."); *Wainright v. Carolina Motor Club, Inc.*, No. 1:03 CV 01185, 2005 WL 1168463, at *13 (M.D.N.C. Apr. 27, 2005) ("Plaintiff's failure to argue this claim is tantamount to abandonment of the claim."); *see also Hopkins v. Women's Div., General*

The Court has already given Walker one opportunity to amend his complaint, and while he took advantage of that opportunity in a timely fashion, he did not do so earnestly. Walker simply repeated his original allegations and ignored the Court's command that he articulate, clearly, the legal bases of his claims. Walker did so even though the Court previously warned: "The failure to strictly comply with the requirements set forth above will result in dismissal of the action." (Sept. 14, 2016 O. 2.) Walker's failure to follow this Court's September 2016 Order, coupled with his failure to respond to Mary Washington Healthcare's Motion to Dismiss, warrants a dismissal with prejudice.

### III. Conclusion

For the foregoing reasons, the Court will grant Mary Washington Healthcare's Motion to Dismiss. The Court will dismiss the Amended Complaint. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 7/31/17
Richmond, Virginia

---

*Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004). *But cf. United States v. Sasscer*, No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000) ("[T]he Court need not grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit.").